UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDGAR FERNANDEZ, R69824 )<br>Petitioner, )<br> )<br>v. )<br> )<br>TERI KENNEDY, Warden, )<br>Pontiac Correctional Center, )<br> )<br>Respondent. )<br> ) | 19 C 3291<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

*Pro se* petitioner Edgar Fernandez, a state prisoner serving a 45-year sentence for first degree murder, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging the ineffective assistance of both trial and appellate counsel. R. 1. Respondent argues that Fernandez's claims are procedurally defaulted. R. 4. For the following reasons, the petition is denied, and the Court declines to issue a certificate of appealability.

**Background**

***Trial court proceedings.*** Extensive pretrial proceedings—including Fernandez's unsuccessful motions to suppress statements and evidence and quash arrest, as well as Fernandez's withdrawal of his guilty plea—occurred prior to the October 2012 trial that underlies this action. But it was undisputed at trial that on October 23, 2004, Fernandez fired the gunshot that killed Luis Jimenez. Instead, the primary issue was whether Fernandez was guilty of first-degree murder, or something lesser. R. 18, Ex. C at *1. The evidence introduced at trial included a

videotaped statement in which Fernandez acknowledged that he was a member of the "Latin Kings" street gang, and that on the evening of Jimenez's death, he, his two brothers and other members of his group (some of whom were fellow or aspiring Latin Kings gang members) had been drinking beer and smoking marijuana when they decided to head to the liquor store in a three-car convoy. On their way, they took a detour into a neighborhood controlled by the rival street gang "Familia Stones." *Id.* at *1-2. The group stopped to exchange gang signs with the rival gang members, and someone tossed a one-shot Derringer-style pistol into Fernandez's lap. The men exited their vehicles to fight. During the tussle, Fernandez saw his younger brother fighting off two Familia Stones gang members so he "let one shot out" to try to get the men off his brother. Fernandez stated that he did not know if he had shot anyone, but was told at the time that "somebody got hit." The members of his group then scattered. Fernandez concluded his statement by expressing remorse for his actions, declaring that he had no intention of hurting Jimenez. *Id.* at *2-3.

The trial also included testimony from various members of Fernandez's group, one of the victim's friends, and two other eyewitnesses. These witnesses provided additional information that both supplemented and contradicted Fernandez's story. Specifically, some said that the convoy entered rival gang territory intending to kill a Familia Stones member, and that Fernandez himself made statements to that effect; some testified that they never saw Fernandez's brother being attacked by two Familia Stones members simultaneously; some testified that they saw Fernandez shoot Jimenez in the head at an approximately 10-12 foot range, and some stated

that Fernandez told them that day that he'd shot and killed someone. *Id.* at *3-4. Ultimately, the jury convicted Fernandez of first-degree murder, and he was sentenced to 45 years' imprisonment.

***Direct Appeal.*** Fernandez filed a timely appeal in March 2014 arguing prosecutorial misconduct during the State's closing and rebuttal arguments. The Illinois appellate court affirmed Fernandez's conviction and sentence and rejected his arguments, finding that many were unfounded and that the rest did not amount to reversible error. R. 18, Ex. A. Fernandez's subsequent petition for leave to appeal ("PLA") to the Illinois Supreme Court was denied in March 2015.

***State Post-Conviction Proceedings.*** Thereafter in August 2015, Fernandez filed a pro se state court post-conviction petition ("PCP") claiming that he was denied his right to effective assistance of counsel for a number of reasons including, as relevant here, because trial counsel failed to call his brothers to testify. R. 18, Ex. E. The Illinois circuit court summarily dismissed the petition at first stage. Fernandez moved the court to reconsider the dismissal of his claim regarding counsel's failure to call his brothers as witnesses, attaching affidavits from his brothers attesting to the fact that it was "Scarface" who shot the victim, not Fernandez, and that they had told trial counsel this before trial. R. 18, Ex. N. But the typewritten affidavits were not signed, dated, or notarized, and the circuit court denied Fernandez's motion to reconsider.

Fernandez separately appealed both the summary dismissal and the denial of the motion to reconsider in 2017. His appeals were consolidated. In addition to the

3

claim of ineffective assistance for failure to call his brothers to testify, Fernandez's appeal raised a new claim that appellate counsel was ineffective for failing to challenge the trial court's rulings on Fernandez's motion to suppress evidence and quash his arrest. Ultimately the appellate court affirmed the circuit court's rulings, holding, as relevant here, that under Section 122-3[1] of the Illinois Post-Conviction Hearing Act ("Illinois PCP Act"), Fernandez waived his right to bring the claim as to appellate counsel by raising it for the first time on appeal, and that his ineffective assistance of trial counsel claim was barred under Section 122-2[2] of the Illinois PCP Act for failure to explain how his brothers would testify if called and/or failure to attach the affidavits to support his claim until he filed his motion to reconsider, and that even then they were not in the form required. R. 18, Ex. C. The court concluded that Fernandez's only explanation for the failure to attach the affidavits to his petition—that he was incarcerated—was insufficient, since by definition relief under the Illinois habeas statute is only available to the incarcerated. *Id.* at *4. The appellate court also declined to excuse the improper form in which Fernandez submitted the affidavits on the basis that he was in segregation at the time, since Fernandez failed to allege that his being in segregation was through no fault of his own as required. *Id.* (citing *People v. Scullark*, 759 N.E.2d 565, 577-78 (Ill. App. Ct. 2001)). Finally, the court noted that Fernandez also failed to explain how the

---

[1] Section 122-3 provides in relevant part that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived."

[2] Section 122-2 provides in relevant part that a post-conviction petition "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached."

4

information in the affidavits was "newly discovered evidence" such that the court could excuse its late submission. *Id.* Accordingly, the court barred both claims without addressing their merits. Fernandez thereafter filed a PLA with the Illinois Supreme Court in June 2018. The PLA was denied that September.

**Section 2254 Petition.** Fernandez timely filed his Section 2254 petition in May 2019, raising the same two claims the Illinois appellate court rejected during the state PCP proceedings: (1) that trial counsel was ineffective for failing to call Fernandez's brothers to testify at trial; and (2) that appellate counsel was ineffective for failing to challenge the trial court's decisions to deny his motions to suppress evidence and quash arrest.

## Standard

"Federal habeas relief from a state-court criminal judgment is not easy to come by." *Thompkins v. Pfister*, 698 F.3d 976, 983 (7th Cir. 2012). When a state court has adjudicated a federal claim on the merits, a federal habeas court may not grant relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). To prevail under this standard, the "prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Ward v. Neal*, 835 F.3d 698, 703 (7th Cir. 2016). However, "[e]ven in the context of federal habeas, deference does not imply

5

abandonment or abdication of judicial review. Deference does not by definition preclude relief." *A.M. v. Butler*, 360 F.3d 787, 801 (7th Cir. 2004) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

## Analysis

The Court addresses Fernandez's claims in turn, beginning with his claim regarding trial counsel's failure to call his brothers to testify at trial.

### I.  Trial Counsel

Fernandez argues that trial counsel was ineffective for failing to call his two brothers as witnesses at trial. He contends that their testimony would have called into doubt his guilt, as both would claim they saw "Scarface" shoot the victim. Respondent contends that Fernandez's ineffective assistance claim is procedurally defaulted.

A state prisoner seeking federal habeas relief can procedurally default a federal claim in two ways: (1) through a failure to exhaust remedies in state court; or (2) through a failure to meet a state procedural requirement. *Thomas v. Williams*, 822 F.3d 378, 384 (7th Cir. 2016). Respondent argues that the latter applies to Fernandez's trial counsel claim here. Generally, a habeas claim "will be procedurally defaulted—and barred from federal review—if the last state court that rendered judgment 'clearly and expressly' states that its judgment rests on a state procedural bar," and the "state procedural ground relied upon . . . is [1] independent of the federal question and [2] adequate to support the judgment." *Lee v. Foster*, 750 F.3d 687, 693 (7th Cir. 2014) (citing *Coleman v. Thompson,* 501 U.S. 722, 729 (1991)). "An

independent state ground will be found when the court actually relied on the procedural bar as an independent basis for its disposition of the case." *Id.* This bar is necessary, because otherwise "habeas would offer state prisoners . . . an end run around the limits of [the Supreme] Court's jurisdiction and a means to undermine the State's interest in enforcing its laws." *Thompson*, 501 U.S. at 730-31.

The Court agrees that Fernandez's trial counsel claim is procedurally defaulted because the Illinois appellate court—the highest state court to review Fernandez's PCP—relied on Fernandez's failure to properly support his PCP and motion to reconsider as required by Section 122-2 of the Illinois PCP Act in rejecting his claim in the PCP proceedings. Indeed, as stated, the Illinois appellate court ruled that even the "unsigned, unnotarized 'affidavits'" that Fernandez attached to his motion to reconsider were too late and insufficient under state law, and that Fernandez did not offer any viable excuse for his failures. R. 18, Ex. C at *4. Because Fernandez failed to properly support his claim for ineffective assistance of trial counsel claim during the PCP proceedings, it is procedurally defaulted here. *See U.S. ex rel Leibach v. Hampton*, 347 F.3d 219, 232 (7th Cir. 2003) (failure to comply with Section 122-2 constitutes a procedural default and bar to federal habeas review where the state court relied on the default in ruling on claim).

A court can nevertheless address the merits of a procedurally defaulted habeas claim if the petitioner can demonstrate his actual innocence, show cause for the default and actual prejudice resulting from the alleged violation of federal law, or otherwise demonstrate that not considering the claim would work a "fundamental

miscarriage of justice." *See Woods v. Schwartz*, 589 F.3d 368, 377 (7th Cir. 2009) (procedural default can be excused by demonstrating actual innocence); *see also Thompson*, 501 U.S. at 750 (procedural default of a federal habeas claim may be excused if petitioner can show cause and prejudice or demonstrate a fundamental miscarriage of justice).

Fernandez argues in his reply brief that the Court should excuse his procedural default as to his ineffective assistance of trial counsel claim because he is actually innocent, and oddly and without explanation offers for the first time in this proceeding signed and notarized affidavits from his brothers dated December 2015. But the actual innocence exception is available only when a petition presents new and reliable evidence of innocence "so strong that a court cannot have confidence in the outcome of the trial," such that it rebuts the "strong—and in the vast majority of the cases conclusive—presumption of guilt." *Schlup v. Delo*, 513 U.S. 298, 326, 332 n.42 (1995). Here, Fernandez offers only the affidavits he should have presented in the first instance in the PCP proceedings (and with his Section 2254 petition) in which his brothers attest that "Scarface" shot Jimenez, and that they told Fernandez's attorneys so before trial. And while Fernandez is correct that *Schlup* does not require that actual innocence evidence be "newly discovered," he fails to explain: (1) how the affidavits are sufficient to rebut the *Schlup* presumption, given that two witnesses testified at trial that they saw Fernandez shoot Jimenez at a 10-12 foot range; or (2) why he could not present it before filing his reply brief in this action. *See Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013) (noting that for purposes of excusing a

procedural default, "cause" is "an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding") (quoting *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010)). The Court can thus neither excuse Fernandez's default nor address the merits of his claim. *See Woods v. Schwartz*, 589 F.3d 368, 377 (7th Cir. 2009) ("The state court's reliance on an independent and adequate state law ground in denying a claim bars our review."). Accordingly, Fernandez's first claim fails.

## II. Appellate counsel

As discussed, Fernandez also claims that his appellate counsel was ineffective for failing to challenge the trial court's rulings on his motions to suppress evidence and quash arrest, contending that his detention was unlawful and his confession inadmissible. But the Illinois appellate court in the PCP proceedings ruled that this claim was barred based upon the state procedural ground of waiver set forth in Section 122-3 of the Illinois PCP Act, so it too is defaulted. *See Woods*, 589 F.3d at 377 (recognizing waiver as an independent and adequate state law ground barring a federal ineffective assistance claim); *see also Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009) (same). Fernandez makes no argument—either in his opening brief or on reply—about any circumstance that could excuse that default. So the Court cannot reach the claim's merits, and it also fails.

## III. Certificate of Appealability

Rule 11(a) of the Rules Governing § 2254 Cases requires that the district court decide whether to issue a certificate of appealability (COA) when it "enters a final

9

order adverse to the applicant." To obtain a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If the district court rejects the petitioner's claim on the merits, the court should issue a certificate of appealability only if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But "[w]hen the district court denies a habeas petition on procedural grounds without reaching the . . . underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. The Court finds Fernandez's claims are clearly defaulted and thus the dismissal of his Section 2254 claims on procedural grounds is not debatable. Accordingly, the Court declines to issue a COA for either of Fernandez's claims.

## Conclusion

For the foregoing reasons, Fernandez's Section 2254 petition, R. 1, is denied, and the Court declines to issue a certificate of appealability for any of the claims in the petition.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: May 1, 2020